IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAM G. POTTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  06-837 |
| | ) |
| WYETH, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendant Wyeth answers the plaintiff's Complaint, and each count contained therein, separately and severally, as follows.  Any allegation not specifically admitted is denied.

## PARTIES

1.    The allegations contained in paragraph 1 of the complaint are legal conclusions to which no response is required.  If a response is deemed required Wyeth admits that plaintiff has filed suit against it.  Wyeth denies the remaining allegations and demands strict proof thereof.

2.    Wyeth is without sufficient information to admit or deny the allegations concerning the plaintiff's residence and her use of Pondimin and/or Redux and demands strict proof thereof. Wyeth admits that, prior to September 15, 1997, Wyeth through its Wyeth-Ayerst Laboratories Division ("WALD") marketed and distributed Pondimin® brand of fenfluramine hydrochloride ("Pondimin") in interstate commerce and marketed, distributed and promoted to licensed healthcare providers Redux™ brand dexfenfluramine hydrochloride ("Redux")  in accordance with its FDA-approved prescribing information and the warnings, precautions and contraindications contained

therein. Wyeth denies the remaining allegations and demands strict proof thereof.

3.     Wyeth admits that it is a Delaware corporation with its principal place of business in New Jersey. Wyeth admits that, prior to September 15, 1997, it, through WALD, marketed and distributed Pondimin in interstate commerce and marketed, distributed and promoted to licensed healthcare providers, Redux, in interstate commerce in accordance with FDA-approved prescribing information and the warnings, precautions and contraindications contained therein. Wyeth denies the remaining allegations of this paragraph separately and severally, and demands strict proof thereof.

4.     Wyeth admits that prior to September 15, 1997, Joe Kelly promoted Redux to licensed healthcare providers. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

5.     This paragraph is not directed at Wyeth, hence no response is required. To the extent a response is deemed required, Wyeth denies the allegations of this paragraph and demands strict proof thereof.

## JURISDICTION AND VENUE

6.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Wyeth admits that it is subject to jurisdiction in Alabama. Wyeth further admits that the amount of damages claimed in this action exceeds the jurisdictional minimum for this Court. Wyeth denies the remaining allegations contained in this paragraph and demands strict proof thereof.

7.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Wyeth is without sufficient information to admit or deny the allegations concerning the plaintiff's residences. Wyeth denies the remaining allegations contained

2

in this paragraph and demands strict proof thereof.

8. Wyeth is without sufficient information to admit or deny the allegations concerning plaintiff's use of Pondimin and/or Redux. Wyeth admits that, prior to September 15, 1997, it, through WALD, marketed, sold and distributed Pondimin in interstate commerce and marketed, sold, distributed and promoted to licensed healthcare providers, Redux, in interstate commerce in accordance with FDA-approved prescribing information and the warnings, precautions and contraindications contained therein. Wyeth also admits that prior to September 15, 1997, Joe Kelly promoted Redux to licensed healthcare providers. Wyeth denies the remaining allegations contained in this paragraph, including sub-parts, and demands strict proof thereof.

9. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, Wyeth denies the allegations of paragraph 9, including sub-parts.

## ALLEGED GENERAL FACTS AND ALLEGATIONS

10. Wyeth admits that prior to September 15, 1997, WALD marketed, distributed and sold Pondimin in interstate commerce and marketed, sold, distributed and promoted to licensed healthcare providers, Redux, in interstate commerce, in accordance with its FDA-approved prescribing information and the warnings, precautions and contraindications contained therein. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

11. Wyeth admits that plaintiff complains of injuries allegedly related to her use of Pondimin and Redux but denies any liability whatsoever to plaintiff. Wyeth denies the remaining allegations contained in this paragraph and demands strict proof thereof.

12. Wyeth admits that WALD marketed Pondimin brand fenfluramine hydrochloride and that Pondimin when prescribed in combination with phentermine was referred to as "fen-phen."

3

Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

13.    Wyeth admits that WALD marketed Redux brand dexfenfluramine hydrochloride and that dexfenfluramine is the d-isomer of fenfluramine. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

14.    Wyeth admits that Pondimin and Redux were voluntarily withdrawn from the market on September 15, 1997 and that prior to that time, they were widely prescribed. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

15.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

## ALLEGED MARKETING STRATEGY

16.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

17.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

18.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

19.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

20.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

21.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

4

22.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

23.    Wyeth denies the allegations contained in this paragraph, including sub-parts, and demands strict proof thereof.

24.    This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Wyeth admits to all duties imposed by law. Wyeth denies the remaining allegations contained in this paragraph, including sub-parts, and demands strict proof thereof.

## ALLEGED EFFECTS OF USE

### Primary Pulmonary Hypertension

25.    Wyeth admits that Aminorex was a drug used in Europe and that it was removed from the market. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

26.    Wyeth admits that Pondimin was introduced in 1973 and that it is fenfluramine hydrochloride. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

27.    Wyeth states that the writings discussed in this paragraph speak for themselves, and any attempt to characterize them is denied. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

28.    Wyeth states that the writing discussed in this paragraph speaks for itself, and any attempt to characterize it is denied. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

29.    Wyeth states that the writings discussed in this paragraph speak for themselves, and any attempt to characterize them is denied. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

30.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

31.    Wyeth states that the writings discussed in this paragraph speak for themselves, and any attempt to characterize them is denied. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

32.    Wyeth states that the writings discussed in this paragraph speak for themselves, and any attempt to characterize them is denied. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

33.    Wyeth states that the writing discussed in this paragraph speaks for itself, and any attempt to characterize it is denied. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

34.    Wyeth states that the writing discussed in this paragraph speaks for itself, and any attempt to characterize it is denied. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

35.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

36.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

37.    Wyeth denies the allegations contained in this paragraph and demands strict proof

thereof.

38.    Wyeth admits that Redux was introduced in 1996. Wyeth denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

39.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

40.    Wyeth admits that the FDA approved phentermine, fenfluramine and dexfenfluramine for monodrug therapy in accordance with their FDA prescribed information.  Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

41.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

## Alleged Valvular Heart Dysfunction

42.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

43.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

44.    Wyeth states that the writing discussed in this paragraph speaks for itself, and any attempt to characterize it is denied.  Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

45.    Wyeth states that the writing discussed in this paragraph speaks for itself, and any attempt to characterize it is denied.  Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

46.    Wyeth denies the allegations contained in this paragraph and demands strict proof

thereof.

47.     Wyeth states that the writing discussed in this paragraph speaks for itself, and any attempt to characterize it is denied. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

48.     Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

49.     Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

## COUNT I
## ALLEGED VIOLATION OF THE ALABAMA EXTENDED
## MANUFACTURERS LIABILITY DOCTRINE

50.     Wyeth hereby adopts and incorporates its responses to all other paragraphs as if fully set forth herein.

51.     Wyeth admits that, prior to September 15, 1997, it, through WALD, sold, marketed and distributed Pondimin in interstate commerce and sold, marketed, distributed and promoted to licensed healthcare providers, Redux, in interstate commerce, in accordance with FDA-approved prescribing information and the warnings, precautions and contraindications contained therein. Wyeth further admits that prior to September 15, 1997, Joe Kelly promoted Redux to licensed healthcare providers. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

52.     Wyeth admits that it intended its products to reach the user and consumer without substantial change in their condition at which they were sold, but is without sufficient information to admit or deny what condition the products were in when they did reach plaintiff. Wyeth denies the

8

remaining allegations contained in this paragraph and demands strict proof thereof.

53.     Wyeth denies the allegations contained in this paragraph, including sub-parts, and demands strict proof thereof.

54.     Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

55.     Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

56.     Wyeth denies the allegations contained in this paragraph, including sub-parts, and demands strict proof thereof.  Wyeth denies the allegations contained in the unnumbered paragraph following paragraph 56 beginning "WHEREFORE. . . ."

## COUNT II
## ALLEGED FAILURE TO WARN

57.     Wyeth adopts and incorporates its responses to the preceding paragraphs as if set forth fully herein.

58.     Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

59.     Wyeth is without information sufficient to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

60.     Wyeth denies the allegations contained in this paragraph and demands strict proof thereof

61.     This paragraph contains a legal conclusion to which no response is required, to the extent a response is deemed required, Wyeth denies the allegations contained in this paragraph and

demands strict proof thereof.

62.   Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

63.   Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

64.   This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Wyeth admits to all duties imposed by law.  Wyeth denies the remaining allegations contained in this paragraph and demands strict proof thereof.

65.   Wyeth denies the allegation contained in this paragraph, including sub-parts, and demands strict proof thereof.  Wyeth denies the allegations contained in the unnumbered paragraph following paragraph 65 beginning "WHEREFORE. . . ."

<div align="center">

**COUNT III**
**ALLEGED BREACH OF WARRANTY OF MERCHANTABILITY**

</div>

66.   Wyeth adopts and incorporates its responses to the preceding paragraphs as if set forth fully herein.

67.   This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is deemed required, Wyeth admits to all warranties imposed by law.  Wyeth denies the remaining allegations contained in this paragraph and demands strict proof thereof.

68.   Wyeth is without information sufficient to admit or deny the allegations contained in this paragraph concerning plaintiff's reliance.  Wyeth denies the remaining allegations and demands strict proof thereof.

69.   Wyeth denies the allegations contained in this paragraph and demands strict proof

<div align="center">

10

</div>

thereof.

70.    Wyeth denies the allegations contained in this paragraph, including sub-parts, and demands strict proof thereof. Wyeth denies the allegations contained in the unnumbered paragraph following paragraph 70 beginning "WHEREFORE. . . ."

## COUNT IV
## ALLEGED NEGLIGENCE

71.    Wyeth adopts and incorporates its responses to the preceding paragraphs as if set forth fully herein.

72.    Wyeth admits that, prior to September 15, 1997, it, through WALD, sold, marketed and distributed Pondimin in interstate commerce and sold, marketed, distributed and promoted to licensed healthcare providers Redux in interstate commerce in accordance with its FDA-approved prescribing information and the warnings, precautions and contraindications contained therein. Wyeth further admits that prior to September 15, 1997, Joe Kelly promoted Redux to licensed healthcare providers. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

73.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is deemed required, Wyeth admits to all duties imposed by law. Wyeth denies the remaining allegations and demands strict proof thereof.

74.    Wyeth denies the allegations contained in this paragraph, including sub-parts, and demands strict proof thereof.

75.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

76.    Wyeth denies the allegations contained in this paragraph, including sub-parts, and demands strict proof thereof. Wyeth denies the allegations contained in the unnumbered paragraph following paragraph 76 beginning "WHEREFORE. . . ."

## COUNT V
## ALLEGED WANTONNESS

77.    Wyeth adopts and incorporates its responses to the preceding paragraphs as if set forth fully herein.

78.    Wyeth admits that, prior to September 15, 1997, it, through WALD, sold, marketed and distributed Pondimin in interstate commerce and sold, marketed, distributed and promoted to licensed healthcare providers, Redux, in interstate commerce, in accordance with FDA-approved prescribing information and the warnings, precautions and contraindications contained therein. Wyeth further admits that prior to September 15, 1997, Joe Kelly promoted Redux to licensed healthcare providers. Wyeth denies the remaining allegations of this paragraph and demands strict proof thereof.

79.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is deemed required, Wyeth admits to all duties imposed by law. Wyeth denies the remaining allegations and demands strict proof thereof.

80.    Wyeth denies the allegations contained in this paragraph, including sub-parts, and demands strict proof thereof.

81.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

82.    Wyeth denies the allegations contained in this paragraph, including sub-parts, and

demands strict proof thereof.  Wyeth denies the allegations contained in the unnumbered paragraph following paragraph 82 beginning "WHEREFORE. . . ."

<div align="center">

**COUNT IV**
**ALLEGED FRAUD: MISREPRESENTATION AND SUPPRESSION**

</div>

83.    Wyeth adopts and incorporates its responses to the preceding paragraphs as if set forth fully herein.

84.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

85.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

86.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

87.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

88.    Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

89.    Wyeth is without sufficient information to admit or deny the allegations concerning the plaintiffs' reliance.  Wyeth denies the remaining allegations contained in this paragraph and demand strict proof thereof.

90.    This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Wyeth admits to all duties imposed by law.  Wyeth denies the remaining allegations contained in this paragraph and demands strict proof thereof.

<div align="center">

13

</div>

91. Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

92. Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

93. Wyeth denies the allegations contained in this paragraph, including sub-parts, and demands strict proof thereof. Wyeth denies the allegations contained in the unnumbered paragraph following paragraph 93 beginning "WHEREFORE. . . ."

## COUNT VII
## ALLEGED FICTITIOUS PARTIES

94. Wyeth adopts and incorporates its responses to the preceding paragraphs as if set forth fully herein.

95. This paragraph is not directed at Wyeth hence no response is required. To the extent a response is deemed required, Wyeth denies the allegations contained in this paragraph and demands strict proof thereof.

96. This paragraph is not directed at Wyeth hence no response is required. To the extent a response is deemed required, Wyeth denies the allegations contained in this paragraph, including sub-parts, and demands strict proof thereof. Wyeth denies the allegations contained in the unnumbered paragraph following paragraph 96 beginning with "WHEREFORE. . . ."

Wyeth denies each and every allegation of the Complaint not expressly admitted or modified.


## DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses

should be available to Wyeth in this matter. Wyeth therefore asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Wyeth may withdraw any of these defenses as may be appropriate. Further, Wyeth reserves the right to amend this answer to assert additional defenses, cross claims, counterclaims, or other defenses as discovery proceeds. Further answering, and by way of defense, Wyeth states as follows:

### First Defense

The complaint fails to state a claim upon which relief may be granted against Wyeth.

### Second Defense

Wyeth provided adequate and complete warnings with the product. Wyeth pleads the Learned Intermediary Doctrine.

### Third Defense

The alleged injuries to plaintiff were not proximately caused by any acts or omissions of Wyeth.

### Fourth Defense

The alleged injuries to plaintiff were proximately caused by the superseding and intervening acts of third parties other than Wyeth.

### Fifth Defense

The alleged injuries to plaintiff were directly and proximately caused and contributed to by action of persons other than defendants, over whom Wyeth has no control or authority.

### Sixth Defense

The alleged injuries to plaintiff were proximately caused by the misuse, abuse, alteration,

15

and/or failure properly to utilize, maintain, or care for Wyeth's products by persons other than Wyeth.

## Seventh Defense

Wyeth pleads the doctrines of assumption of risk and contributory negligence.

## Eighth Defense

The alleged injuries to plaintiff were directly and proximately caused and contributed to by the actions of other persons, who caused changes and alterations to be made to the Wyeth's products and said changes and alterations proximately caused or contributed to the injuries alleged by plaintiff.

## Ninth Defense

Wyeth's products, which plaintiffs allege in the Complaint to be defective, are medical products which met standards of the state of the art and the state of medical and scientific knowledge at the time of theirr manufacture to the extent of the knowledge then available to the medical community.

## Tenth Defense

Wyeth denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Wyeth, or at the instruction or subject to the control of Wyeth with regard to any of the actions described in the Complaint; thus, Wyeth is not liable for any acts or omissions of such third parties as a matter of law.

## Eleventh Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff has not sustained injury or

damage as a result of the matters alleged in the Complaint.

### Twelfth Defense

The conduct of Wyeth and the subject product at all times conformed with the Federal Food, Drug and Cosmetic Act, and other pertinent federal statutes and regulations. Accordingly, plaintiff's claims are barred, in whole or part, under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and conflict with federal laws, regulations and policies in violation of the Supremacy Clause of the United States Constitution.

### Thirteenth Defense

Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations, to the extent not otherwise provided in § IV.D.3.c, § IV.D.4.c, and/or § V11.B.4 of the Nationwide Class Action Settlement Agreement with American Home Products Corporation (the "Settlement Agreement").

### Fourteenth Defense

Wyeth avers that it did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in the Complaint.

### Fifteenth Defense

Wyeth pleads the general issue.

### Sixteenth Defense

Plaintiff's claims are barred by plaintiff's failure to mitigate damages.

### Seventeenth Defense

Plaintiff's claims are barred because Wyeth provided adequate and complete warnings.

17

### Eighteenth Defense

Plaintiff's claims are barred under the Restatement (Third) of Torts: Products Liability §4 *et seq.* and comments thereto.

### Nineteenth Defense

Plaintiff's claims are barred under the Restatement (Second) of Torts: Products Liability §402A and comments thereto.

### Twentieth Defense

Plaintiff's causes of action are barred in whole or in part by the doctrines of laches, waiver, and estoppel, to the extent not otherwise provided in § IV.D.3.c, § IV.D.4.c, and/or § V11.B.4 of the Settlement Agreement.

### Twenty-First Defense

Plaintiff's alleged damages were the result of pre-existing conditions which were unrelated to any conduct of, or product placed in the stream of commerce by, Wyeth.

### Twenty-Second Defense

Plaintiff's alleged damages were the result of an idiosyncratic reaction which Wyeth could not reasonably foresee.

### Twenty-Third Defense

Plaintiff's product liability causes of action are barred because the benefits of the products outweighed their risks.

### Twenty-Fourth Defense

Redux and Pondimin are prescription medical products that are neither defective nor

unreasonably dangerous by virtue of the fact that they are products falling within what is commonly known as the "comment k exception" in the *Restatement (Second) of Torts*, Sec. 402A. Redux and Pondimin were at all times material to plaintiffs' complaint reasonably safe and reasonably fit for their intended use, and the warnings and instructions accompanying Redux and Pondimin at the time of the occurrence or injuries alleged by plaintiff were legally adequate.

### Twenty-Fifth Defense

Redux and Pondimin are prescription medical products that are neither defective nor unreasonably dangerous by virtue of the fact that Redux and Pondimin are products falling within what is commonly known as the "comment j exception" in the *Restatement (Second) of Torts*, Sec. 402A. Redux and Pondimin were at all times material to plaintiffs' complaint reasonably safe and reasonably fit for their intended use, and the warnings and instructions accompanying Redux and Pondimin at the time of the occurrence or injuries alleged by plaintiff were legally adequate.

### Twenty-Sixth Defense

Wyeth denies that it has been guilty of any conduct that would allow recovery of emotional distress or mental anguish damages.

### Twenty-Seventh Defense

An award of mental anguish or emotional distress damages in this case will violate Wyeth's Due Process and Equal Protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### Twenty-Eighth Defense

To award plaintiff damages for alleged mental anguish or emotional distress in the absence of

19

any standards for the determination of mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Wyeth avers that such an award in this case would violate both the Alabama Constitution and the United States Constitution and for the other separate and several reasons stated herein.

### Twenty-Ninth Defense

Wyeth made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiff. If any such warranties were made, whether express or implied, which Wyeth specifically denies, then plaintiff failed to give timely notice of any breach thereof.

### Thirtieth Defense

Plaintiff's cause of action for breach of implied warranty is barred by reason of the absence of privity of contract between plaintiff and Wyeth.

### Thirty-First Defense

Any express or implied warranties alleged to have been made by Wyeth were disclaimed.

### Thirty-Second Defense

Plaintiff's fraud claim is barred because plaintiff fails to allege fraud with particularity as required by Rule 9(b) of the applicable Rules of Civil Procedure.

### Thirty-Third Defense

Wyeth denies that it has been guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

### Thirty-Fourth Defense

No punitive damages are warranted or allowable that would exceed comparable maximums

established for criminal fines.

### Thirty-Fifth Defense

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

### Thirty-Sixth Defense

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(a) There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Wyeth has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform their conduct accordingly;

(b) The procedures to be followed would permit an award of punitive damages against Wyeth upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c) The procedures to be followed could permit the award of multiple punitive damages

for the same act or omission;

(d)   There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against defendants under present Alabama law;

(e)   The standards of conduct upon which punitive damages are sought against defendants are vague and ambiguous;

(f)   The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

(g)   The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

(h)   The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

(i)   Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(j)   Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(k)   Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(l)   Present Alabama procedures fail to provide a constitutionally reasonable limit on the

amount of any punitive damage award against defendants;

(m)    Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(n)    Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

(o)    An award of punitive damages would compensate plaintiffs for elements of damage not otherwise recognized by Alabama law.

### Thirty-Seventh Defense

Plaintiff's claims for the recovery of punitive damages are barred by *Ala. Code* § 6-11-20 (1993) *et seq.*

### Thirty-Eighth Defense

Plaintiff's claims for the recovery of punitive damages are barred by *Ala. Code* § 6-11-27 (1993).

### Thirty-Ninth Defense

Plaintiff's claims for the recovery of punitive damages are in contravention of Wyeth's rights under each of the following constitutional provisions:

(a)    Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(b)    the Contracts Clause of Article 1, Section 10 of the United States Constitution;

(c)    the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

(d)    the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(e)    the constitutional prohibition against vague and overbroad laws;

(f)    the prohibition against *ex post facto* law in Article 1, Section 22 of the Alabama Constitution;

(g)    the Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and

(h)    the Due Process Clause of Article 1, Section 6 and/or 13 of the Constitution of Alabama.

## **Fortieth Defense**

An award of punitive damages in the circumstances of this case would clearly be violative of Wyeth's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

(a)    There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of a defendant's conduct and/or the compensatory damages awarded.

(b)    No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c)    An award of punitive damages in this case would be penal in nature and thus, would be volatile of defendants' constitutional rights under the United States Constitution and/or the Alabama Constitution unless defendants are granted the procedural

24

safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d)    The award of punitive damages on the basis of vicarious liability for the conduct of others violates Wyeth's constitutional rights.

### Forty-First Defense

The imposition of punitive damages in this case would be in denial of Wyeth's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6, and 22 of the Alabama Constitution. Specifically, defendants are treated differently from criminal defendants which are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

### Forty-Second Defense

The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, Section 8 of the United States Constitution to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of state boundaries.

### Forty-Third Defense

The imposition of punitive damages in this case would violate Wyeth's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### Forty-Fourth Defense

With respect to plaintiff's demand for punitive damages, Wyeth specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore*, 116 U.S. 1589 (1996).

### Forty-Fifth Defense

To the extent that plaintiff's demand for punitive damages may result in multiple punitive damage awards being assessed for the same alleged act or omission against Wyeth, this award contravenes Wyeth's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such awards would infringe upon Wyeth's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

### Forty-Sixth Defense

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ I and 6 of the Alabama Constitution.

### Forty-Seventh Defense

The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their alleged conduct, creating a chilling effect on said defendant's exercise of the right to a judicial resolution of this dispute.

### Forty-Eighth Defense

While Wyeth denies that it is liable for any conduct that would support an award of punitive damages, Wyeth pleads the legislative cap on punitive damages contained in *Ala. Code* § 6-11-21.

### Forty-Ninth Defense

Plaintiff's claims for punitive damages should not be submitted to the jury because, under the United States Supreme Court's holding in Cooper Industries, Inc. v. Leatherman Tool Group., Inc., 533 U.S. 424 (2001), and the Alabama Supreme Court's holding in Horton Homes, Inc. v. Brooks, 832 So. 2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury.

### Fiftieth Defense

With respect to plaintiff's demand for punitive damages, Wyeth specifically incorporates by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of State Farm Mut. Auto Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

### Fifty-First Defense

Venue for plaintiff's causes of action may be improper in this district.

### Fifty-Second Defense

Plaintiff's causes of action are barred because a reasonable purchaser and/or consumer would have been aware of the alleged risks of Redux and Pondimin.

### Fifty-Third Defense

Plaintiff's causes of action are barred because the damages alleged by plaintiffs were caused or proximately caused by some person or third party other than Wyeth for whom Wyeth is not legally responsible.

### Fifty-Fourth Defense

Plaintiff's causes of action are barred because plaintiff's damages, if any, were caused by changes and/or alterations to Wyeth's products made by persons not within Wyeth's control.

### Fifty-Fifth Defense

Plaintiff's causes of action are barred in whole or in part by plaintiff's failure to assert a safer design for Pondimin and/or Redux.

### Fifty-Sixth Defense

Plaintiff's product liability causes of action are barred because the relevant product was consistent with or exceeded consumer expectations.

### Fifty-Seventh Defense

Plaintiff's causes of action are barred because based on the state of scientific, medical, and technological knowledge at the time Redux and Pondimin were marketed, Redux and Pondimin were safe for their normal and foreseeable use at all relevant times.

### Fifty-Eighth Defense

Plaintiff's causes of action under state law are barred by the doctrine of federal preemption.

### Fifty-Ninth Defense

Plaintiff failed to notify Wyeth of any alleged breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach, and, are, therefore, barred from any recovery for such claims.

### Sixtieth Defense

Plaintiff impermissibly seeks to impose liability on conduct protected from liability by the

First Amendment to the United States Constitution.

## Sixty-First Defense

Plaintiff is a member of a class that is subject to the provisions of the Settlement Agreement, approved by the United States District Court for the Eastern District of Pennsylvania. By reason of the Settlement Agreement, plaintiffs' causes of action are barred in whole or in part by the doctrines of merger, bar, collateral estoppel, res judicata, release, discharge, accord and satisfaction and covenant not to sue and are barred by an injunction entered by that Court.

Wyeth reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise in the course of this litigation.

<div style="margin-left:40%">

**s/Frederick G. Helmsing, Jr.**
Federal Bar No: **HELMF3421**
Attorney for Defendant Wyeth
McDowell Knight Roedder & Sledge, LLC
63 South Royal Street, Suite 900
Mobile, Alabama 36602
T: 251-432-5300
F: 251-432-5302
fhelmsing@mcdowellknight.com

</div>

**OF COUNSEL:**

**McDOWELL KNIGHT
  ROEDDER & SLEDGE, L.L.C.**
Post Office Box 350
Mobile, Alabama 36601
(251) 432-5300
(251) 432-5303

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following listed below.

Respectfully Submitted,

 **s/Frederick G. Helmsing, Jr.**
Federal Bar No: **HELMF3421**
Attorney for Defendant
McDowell Knight Roedder & Sledge, LLC
63 South Royal Street, Suite 900
Mobile, Alabama 36602
T: 251-432-5300
F: 251-432-5302
fhelmsing@mcdowellknight.com

**COUNSEL OF RECORD**:

Robert J. Morris
Gary S. McAnnally
Clyde T. Baily, III
MORRIS & McANNALLY, LLC
10365 Holtville Road
Deatsville, AL 36022